IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHARLES B. STARKE, JR., § § Plaintiff, § v. § § SHERRI SHIPMAN, ET AL., § § Defendants. § | CIVIL ACTION NO. 4:21-CV-00394-ALM-CAN |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On May 25, 2021, *pro se* Plaintiff Charles B. Starke, Jr. ("Plaintiff") initiated the instant lawsuit with the filing of his original Complaint [Dkt. 1]. Pending before the Court is Plaintiff's Motion for an Emergency Restraining Order [Dkt. 42]. To date, Plaintiff has failed to complete service of process on Defendants, and the Court now recommends Plaintiff's complaint be **DISMISSED** and the Motion for an Emergency Restraining Order be **DENIED**.

**FAILURE TO SERVE**

Plaintiff filed the instant suit on May 25, 2021 [Dkt. 1] and has paid the filing fee [*see docket generally*]. After repeated Orders to do so, Plaintiff filed an Amended Complaint on March 29, 2022 [Dkt. 23], and summons were issued. However, to date, Defendants Sherri Shipman, Jesse Davis, James Ferguson, Ivan Lara, Drake Bartlett, Aaron Scott, Cory Dye, Jay Compton, Stony Ward, Rodney Harrison, Adam Pauyer, Paul Johnson, Town of Little Elm, the State of Texas, and Matt Mueller ("Defendants") have not yet been served. On December 12, 2022, the undersigned entered a Notice of Impending Dismissal, warning that this case would be dismissed for failure to serve the Defendants if a verified petition regarding service of process was not filed with the Court on or before December 30, 2022 [Dkt. 44]. To date, Plaintiff has not filed

a petition or otherwise responded to the Notice of Impending Dismissal, nor has Plaintiff asked for additional time to complete service of process of the Amended Complaint.[1]

It is undisputed that "[b]efore a[] federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Service of process in a federal action is generally governed by Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4. Rule 4 details in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Accordingly, Plaintiff had ninety (90) days to accomplish effective service of process. The intent of the rules for serving process is to give sufficient notice to a defendant of any actions filed against him or her. Importantly, *pro se* litigants are not absolved from compliance with the requirements of Rule 4. *Flander v. Kforce, Inc.*, 526 F. App'x 364, 368 (5th Cir. 2013) (per curiam); *Lyons v. Starbucks Coffee Co.*, No. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *5 (N.D. Tex. Aug. 24, 2020) (recommending dismissal of the plaintiff's claims against a defendant after noting the "plaintiff's *pro se* status does not excuse the failure to properly effect service"), *report and recommendation adopted*, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020).

---

[1] It is also Plaintiff's obligation to notify the Court of any change of address under the Local Rules, and any failure to do so further supports the undersigned's recommendation. Local Rule CV-11 provides, in relevant part:
> Notices will be sent only to an e-mail and/or mailing address on file. A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address.

Eastern District of Texas Local Rule CV-11(d); *see Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) (plaintiff's "failure to submit an updated mailing address evinces his failure to prosecute his own case"), *report and recommendation adopted sub nom. Ernest Bob Shuemake v. Botie Hillhouse*, No. 6:18-CV-349, 2021 WL 3032725 (E.D. Tex. July 19, 2021).

In this case, Plaintiff has failed to serve Defendants and has not filed any requests for an extension of time to complete service. There is no good cause to extend the time period for service. *See Miles v. Innovative Recovery Inc.*, No. 3:22-CV-1120-K-BN, 2022 WL 16821678, at *1 (N.D. Tex. Oct. 24, 2022) ("It is now more than one month past the deadline set by the Court's order, and Miles has failed to obey that order or otherwise contact the Court. The Court should therefore dismiss this lawsuit without prejudice under Rule 4(m)."), *report and recommendation adopted*, No. 3:22-CV-1120-K, 2022 WL 16821662 (N.D. Tex. Nov. 8, 2022); *Stewart v. City of Irving*, No. 3:17-CV-3296-G-BK, 2018 WL 2323257, at *1 (N.D. Tex. Apr. 16, 2018) (recommending dismissal under Rule 4(m) for failing to serve or respond to the court's notice of impending dismissal), *report and recommendation adopted*, No. 3:17-CV-3296-G (BK), 2018 WL 10435253 (N.D. Tex. May 1, 2018); *Ceasar v. United States*, No. 1:18-CV-560, 2019 WL 2112993, at *1 (E.D. Tex. Mar. 28, 2019) (same), *report and recommendation adopted sub nom. Ceaser v. United States*, No. 1:18-CV-560, 2019 WL 2114026 (E.D. Tex. May 13, 2019); *Adams v. Tech. Serv. Professionals*, No. 4:15-CV-00157-ALM-CAN, 2015 WL 10793849, at *1 (E.D. Tex. Aug. 13, 2015) (same), *report and recommendation adopted*, No. 4:15-CV-157, 2015 WL 10793721 (E.D. Tex. Sept. 28, 2015). Without good cause, an extension of time to serve is not mandatory, and it is within the Court's discretion to dismiss the case. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Because Plaintiff failed to sustain the burden to show that Defendants have been properly served, and no good cause exists to extend the time period for service any further, the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

**EMERGENCY EX PARTE RESTRAINING ORDER**

On August 4, 2022, nearly five months after the filing of the Amended Complaint, Plaintiff filed a Motion for an Emergency Restraining Order [Dkt. 42]. Plaintiff requests the Court issue a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b), seeking relief against the State of Texas related to a capias warrant issued for Plaintiff's arrest [Dkt. 42 at 1]. The events giving rise to the instant Motion appear unrelated to the amended complaint in this cause. Plaintiff's Section 1983 claim pleaded here alleges misconduct related to an altercation between Plaintiff and the Little Elm Police Department as he was observing and recording a traffic stop in 2019 [Dkt. 23]. Plaintiff's Motion seeks relief related to a different arrest with an offense date of June 2022 [*See* Dkt. 42-1 at 2]. More specifically, Plaintiff's Motion complains of a state court issued capias, warrant #219-83161-2020-4, which he alleges was issued due to a "perjured court docket" [Dkt. 42 at 1-3]. Plaintiff alleges the state court wrongfully issued a warrant for his failure to appear at a bond hearing [Dkt. 42 at 2]. Plaintiff claims he will be deprived of "judicial process that is guaranteed by the 14th Amendment Due Process" Clause, and that he will suffer an irreparable injury if incarcerated [Dkt. 42 at 2-4]. Attached to the Motion is a portion of a state court docket sheet, *Collin County v. Charles B Starke, Jr*, Case No. 219-83161-2020, in the 219th District Court for Collin County, Texas; a filing entitled "Notice of Filing of Notice of Removal"; and a copy of an active warrant search for Plaintiff [Dkt. 42-1]. Plaintiff appears to believe that his bond hearing, as well as the referenced underlying state criminal case, have been removed to federal court [*See* Dkts. 42 at 2; 42-1 at 1-3]. As an initial matter, the state criminal case purported to be removed to federal court is not in the instant cause, but another case Plaintiff has pending before the Eastern District, *Collin County v. Starke, Jr.*, Case No. 4:22-cv-00333-SDJ-KPJ (E.D.

Tex. filed Apr. 20, 2022) ("Plaintiff's Removed Case").[2] Plaintiff's Motion also does not address any of the elements necessary for emergency injunctive relief.

There are four prerequisites for obtaining a temporary restraining order or a preliminary injunction: "(1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve the public interest." *Realogy Holdings Corp. v. Jongebloed*, 957 F.3d 523, 529-30 (5th Cir. 2020) (quoting *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019)); *see CoreClarity, Inc. v. Gallup, Inc.*, No. 4:20-CV-601, 2020 WL 5095130, at *2 (E.D. Tex. Aug. 28, 2020) (citing *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008)); FED. R. CIV. P. 65 ("Injunctions and Restraining Orders"). Both temporary restraining orders and preliminary injunctions are extraordinary remedies. *PCI Transp., Inc. v. Fort Worth & W. R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005); *CoreClarity*, 2020 WL 5095130, at *2 (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). Indeed, a movant must clearly carry "the burden of persuasion on all four elements." *True Health Diagnostics, LLC v. Azar*, 392 F. Supp. 3d 666, 678 (E.D. Tex. 2019) (quoting *Nichols*, 532 F.3d at 372); *see also CoreClarity*, 2020 WL 5095130, at *2 (quoting *Nichols*, 532 F.3d at 372). Additionally, Plaintiff here seeks *ex parte* relief, which carries additional procedural requirements. Federal Rule 65(b)(1) permits a court to "issue a [TRO] without written or oral notice to the adverse party or its attorney *only if*: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the

---

[2] In Plaintiff's Removed Case, he raises similar allegations to those raised by the instant motion. *See Collin Cnty. v. Starke*, No. 4:22-CV-333-SDJ-KPJ, 2022 WL 17731826, at *2 (E.D. Tex. Oct. 5, 2022) ("Defendant simply alleges he is 'not receiving fair treatment' in his state criminal proceedings and cites the Equal Protection and Due Process Clauses of the Fourteenth Amendment."). Although Plaintiff's Removed Case remains pending, the magistrate judge has recommended the cause be remanded for lack of jurisdiction over the removed state criminal proceeding. *See id.* at *2-3 ("Defendant cannot establish a legal right to remove his pending criminal case. Therefore, Defendant's Motions should be denied, and this case should be remanded to the applicable state court.").

adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b) (emphasis added). Plaintiff's Motion does not establish any of the elements necessary to obtain a temporary restraining order. *See Elite Med. Lab'y Sols., LLC v. Becerra*, No. 2:22-CV-133-Z, 2022 WL 2704041, at *2 (N.D. Tex. July 11, 2022) ("If the movant fails to satisfy any one of the four factors, a TRO will not issue."); *U.S. Bank Nat'l Ass'n v. LP Shopping Ctr., LLC*, No. 6:14-CV-636, 2014 WL 12573821, at *2 (E.D. Tex. Oct. 3, 2014) ("[r]egardless of whether [Plaintiff] can establish a substantial likelihood of success on the merits, [she] must also establish each of the remaining elements."), *report and recommendation adopted*, No. 6:14CV636, 2014 WL 12576851 (E.D. Tex. Oct. 6, 2014)). Nor does the Motion satisfy the requirements for issuance of a TRO *ex parte*. *See Weiss v. Hirsch*, 560 F. Supp. 2d 537, 538-39 (E.D. Tex. 2007) (denying without prejudice plaintiff's request for TRO where plaintiff had not satisfied Rule 65(b)'s requirements). Without meeting the strict requirements of Rule 65(b)(1), the Court should not issue an *ex parte* TRO. *See Nzeako v. HSBC Bank*, No. 3:15-CV-2143-D, 2015 WL 7731371, at *2 (N.D. Tex. Oct. 6, 2015) (finding *ex parte* relief could not be granted where a *pro se* plaintiff did not comply with Rule 65(b)(1)'s requirements), *report and recommendation adopted*, No. 3:15-CV-2143-D, 2015 WL 7717309 (N.D. Tex. Nov. 30, 2015).

Even had Plaintiff's Motion established the prerequisites necessary, the act Plaintiff complains of is the state court's issuance of capias after his failure to appear at his bond hearing. Plaintiff asserts the "alias capias judgment/order is void." To the extent Plaintiff requests the Court enjoin an ongoing state criminal proceeding by ordering the state to not execute the warrant, this

relief is precluded by the *Younger* abstention doctrine.[3]  *See, e.g.*, *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) ("the district court correctly determined that the three criteria that generally require *Younger* abstention are satisfied. First, Gates requested that the district court enjoin his pending state-court criminal proceeding. The federal proceeding would therefore clearly interfere with an ongoing state judicial proceeding. Second, the underlying state proceeding concerns the enforcement of state criminal laws, something in which the state has a strong interest. Third, Gates can raise his challenges to the state criminal proceedings in state court.").  Because the Court should abstain from asserting jurisdiction in this circumstance, Plaintiff's request for temporary injunctive relief should be denied.[4]  *See Watkins v. Pitre*, No. 3:16-CV-1306-G, 2016 WL 2757375, at *1 (N.D. Tex. May 12, 2016) (citation omitted) ("*Younger* abstention prevents this court from exercising jurisdiction over this case. Since the court cannot exercise jurisdiction over this suit, the plaintiff's motion for temporary restraining order is denied as moot."); *Singh v. Wolf*, No. 20-CV-0539, 2020 WL 3424850, at *2 (W.D. La. May 13, 2020) ("A party seeking injunctive relief cannot establish a 'substantial likelihood of success on the merits' if the court concludes that

---

[3] A federal court may not enjoin state-court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment." 28 U.S.C. § 2283. "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks omitted). "When these conditions are present, federal intervention in an on-going state-court criminal prosecution is possible only 'in certain exceptional circumstances—where irreparable injury is both great and immediate, where the state law is flagrantly and patently violative of express constitutional prohibitions, or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief.'" *Hinson v. City of Abilene*, No. 1:22-CV-00036-C, 2022 WL 1310057, at *1 (N.D. Tex. Apr. 19, 2022) (quoting *Mitchum v. Foster*, 407 U.S. 225, 230 (1972)). *Younger* abstention thus applies to Plaintiff's instant request. *See id.* at *2 ("Plaintiff has not alleged facts showing that special circumstances are present or that he is entitled to federal court intervention").

[4] To the extent Plaintiff's state criminal proceeding is not ongoing, the requested emergency relief would be moot. If Plaintiff seeks to challenge his criminal conviction, the relief may instead be barred by *Heck*. *See Blakely v. Andrade*, 360 F. Supp. 3d 453, 473 (N.D. Tex. 2019) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)) ("Under *Heck*, when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.").

it lacks jurisdiction."), *report and recommendation adopted*, No. 20-CV-0539, 2020 WL 3421932 (W.D. La. June 22, 2020).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m). The Court further recommends that Plaintiff's Motion for an Emergency Restraining Order [Dkt. 42] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 9th day of January, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE